## JACKSON v. JACKSON.

1. WILLS—LIFE ESTATE.—A devise to testator's children of all his lands and personal property, "allowing my wife the use and maintenance upon said property during her life, or as long as she remains my widow," does not give the wife a life estate, but only a support on the lands. MR. JUSTICE GARY *dissents.*
2. REHEARING refused.

Before GAGE, J., York, November, 1898. Modified.

Action for partition by Thos. F. Jackson against Hugh P. Jackson, Frank Latimer, and Martha J. Latimer. From Circuit decree, the defendant, Frank Latimer, appeals.

*Messrs. Jos. F.* and *John R. Hart,* for appellant. The former cites: 10 S. C., 230; 4 Russ., 532; 5 Barn. and Ald., 917; 8 Bing., 244; 1 Ves. & B., 466; 8 H. L. Cases, 235; 4 Strob. Eq., 115; 38 S. C., 134.

*Messrs. Witherspoon & Spencers,* contra, for T. F. Jackson cite: 4 Strob. Eq., 104, and 38 S. C., 129, *are not analogous to this case.*

The opinion in this case was filed July 26, 1899, but remittitur stayed until

November 29, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced on 23d July, 1898. All the defendants except Martha J. Latimer answered. The cause came on to be heard before his Honor, Judge Gage, at November, 1898, term of Court of Common Pleas for York County, on the pleadings and testimony and admissions of attorneys in writing. By his decree, amongst other things, the Circuit Judge held in the construction of the will of David F. Jackson that his widow, Mrs. P. L. Jackson, took a life estate in all of testator's property, real and personal, and that said estate was not charged with her support, during life or widowhood, *as distinct from a life estate.* The appeal of Frank Latimer only questions such said conclusions of the Circuit Judge in the two grounds of appeal presented by him, to wit: 1st. That his Honor erred in construing the will of D. F. Jackson, deceased, as conferring on his wife, Mrs. Parmela L. Jackson, an estate for life in all his lands "described in the devise to his four children." 2d. "For error in not construing the said will in charging the said land with the support of his wife during her life or widowhood."

We ought to say that in the decree the defendant, Martha J. Latimer, is decreed to have no interest in the estate, and she has not appealed from such decree. It is, therefore, fixed that said defendant, Martha J. Latimer, has no interest in the estate of her father, D. F. Jackson, deceased.

In disposing of the first exception, it will be necessary that the will of D. F. Jackson shall be before us. Here are its provisions: "South Carolina, York County. In the name of Amen. I, D. F. Jackson, of the State and county aforesaid, being of sound mind and memory and being impressed with the uncertainty of life would order the following disposition of all my worldly effects by this my last will and testament, viz: I will and bequeath to my four children, Lizzie L., Thos. F., Hugh P., and Fannie W., and to their bodily heirs, all the land of which I may die possessed, to equally divided between, I allow all the personal my personal property to be also equally divided between them,

allowing my wife the use and maintenance upon said property during her life, or as long as she remains my widow. If any of my children should marry or desire to settle on the land during my wife's lifetime I allow them to have their portion allotted to them, my wife concurring. I will and bequeath to my daughter Martha J. Latimer, five dols. In testimony I set my hand and seal this 16th day of February, 1876. Signed, sealed and declared to be the last will and testament of D. F. Jackson. D. F. Jackson. (seal). In the presence of Mary E. Jackson, Maggie C. Jenkins and A. P. Campbell."

We think the Circuit Judge was in error in construing the will in question, for the testator did not give his widow any estate in his lands or personal property. On the contrary, he was careful to give his whole estate to the four children she had borne him—he only allowed her to use it for support along with the support of her four infant children who were his legatees and devises. The two cases in our books: *Sims* v. *Aughtery,* 4 Strob. Eq., 103, and *Lanham* v. *Lanham,* 38 S. C., 129, seem to support our views. In the first case cited the language of the testator in effect was : "He directs all the rest and residue of his estate shall remain in the possession of his wife during her life or widowhood, under the direction of his executors, with a discretionary power on their part to deliver any portion of it as a loan to any of his sons, with the exception of his son James, who was inhibited from receiving any part of the negro property. After the death of his wife, 'all such estate' (that is, the estate he had previously directed to be left in the possession of his wife), 'with the increase arising therefrom, was to be collected together, and appraised and equally divided among his four sons, &c." The question arose as to what estate was thus given by Sims to his wife, and the Appeal Court in equity decided that the testator gave his wife no estate, but provided for her a comfortable support and maintenance out of the property spoken of as the residue. So, also, in the second case cited, *Lanham* v. *Lanham, supra,* when the testator

provided: "After a specific bequest of slaves to George B. Lanham, his only child by his first wife, the testator gave his other slaves to his children by his last wife, to be equally divided between them, and then says: 'but this property, together with my land (homestead.) and all other property not named, is to be kept together for the support of my wife and children so long as she lives.' It is contended that under this provision the widow took substantially a life estate, and as a consequence was entitled in her own right to all that was added to the property during her widowhood. We cannot accept this view. We do not think such was the intention of the testator." So in the case at bar, the widow had no estate given her by her husband, David F. Jackson. The words used are: "allowing my wife the use and maintenance upon said property during her life or as long as she remains my widow." Then the property may be allotted to the children during her life—she concurring. Having reached this conclusion in the first ground of appeal, the second is sustained of necessity.

It is, therefore, the judgment of this Court that the judgment of the Circuit Court be modified as herein required. Let the action be remanded to the Circuit Court for such further proceedings as may be necessary.

MR. JUSTICE JONES *concurs in result.*

MR. JUSTICE GARY, *dissenting.* This case is not governed by the rule announced in the cases cited by Mr. Justice Pope, but by the familiar principle that the *use* of property during lifetime is in effect a life estate. I, therefore, dissent from the opinion of Mr. Justice Pope.

Petition for rehearing was filed August 2, 1899, and by order thereon remittitur was stayed. On November 29, 1899, the petition was refused, and the remittitur ordered down.