### WADDELL v. WADDELL.

WILLS.—The provisions of a will after devising lands to his children, "I wish to be distinctly understood that I will to each of my grandchildren, $20, to be paid to them by their parents when they become old enough to know the worth of money. This is a matter of trust and love for my grand-children, of course, the money to come out of my landed estate," each child to "care for their own children," carries a legacy to each grand-child living at the death of the testator, to be paid by the child, devisee, who can sell and make fee simple title to the lands devised before paying the legacies, in absence of intent to breach the trust.

Before PURDY, J., Greenville, June, 1903. Affirmed.

Action by David Hoke Waddell against Randell T. Waddell *et al.* From Circuit decree, defendant, James G. McCarter, appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant. (No. argument furnished Reporter.)

*Messrs. Haynsworth, Parker & Patterson,* contra, cite: 2 McC., Eq., 256; 29 S. C., 466.

March 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This action was instituted to compel James G. McCarter to comply with his agreement to purchase a certain tract of land, and involves a construction of the will of T. E. Waddell.   The said testator, after devising a life estate in sixty-five acres of land, devised the remainder to his children, David Hoke, Ravenel and Mattie.   The plaintiff, David Hoke Waddell, has acquired all the interests of the other devisees, and contracted to sell the land to the defendant, James G. McCarter; but he, being advised that there was some doubt about the title, declined to comply, and as a result this friendly suit was brought in order to have construed the following provision in said will:

"I wish it to be distinctly understood that I will to each of my grand-children twenty dollars to be paid to them by their parents when they become old enough to know the worth of money.   This is a matter of trust and love for my grand-children of course the money to come out of my landed estate.   Hoke Randell and Mattie care for their own children. Right here I wish to be distinctly understood that each of my grand-children to have twenty dollars."

The cause came on to be heard before Judge R. O. Purdy, who rendered the following decree:

"The question presented in this case is, whether under the will of T. E. Waddell, his children, David Hoke Waddell, Randell T. Waddell and Mattie T. Cook, have the power to dispose of the real estate given to them by the testator's will. These devisees were directed by the will to pay to each of their respective children $20.00.   This was declared to be a matter of trust and love, the money to come out of his landed estate.   It appears that the devisees fully intend to carry out the directions of the will, and they admit that they became bound by the terms of this direction.   But the question pre-

sented to me is, whether a sale made by them of the lands given them will be valid.

"Some question might be raised as to whether the lands were charged with the payment of this money to the grand-children. But even if this constitutes a charge, my opinion is that the devisees have the power of sale, and that such sale will release the land from the charge. There is no ground for suspecting that the devisees intend any breach of trust, but, on the contrary, they declare their purpose to carry out the directions of the testator, and he on his part declared that this was a matter of trust and confidence.

"My opinion, therefore, is, and it is so adjudged, that a sale made by David Hoke Waddell of the land described in the complaint will carry a good fee simple title, free from all charges imposed by the will. It is, therefore, ordered, that Jas. G. McCarter do comply with his contract as set forth in the complaint."

The appellant, McCarter, alleges error in holding that a sale made by David Hoke Waddell will carry a good fee simple title, free from all charges imposed by the will, and in ordering specific performance, because: (a) the legacies of $20 to each of the grand-children are made by the will charges upon the testator's land; (b) that grand-children born after the death of the testator will be entitled to said legacy of $20 each.

We think that only those grand-children who were *in esse* at the death of the testator are entitled to claim the legacy, "when they become old enough to know the worth of money." The language of the will indicates this. The testator, as a matter of trust and love for his grand-children, was anxious that each of them should receive $20, showing that he had in mind grand-children who had inspired his trust and love. Furthermore, the period of payment is indefinite. The general rule upon this subject is, where there is a fixed period when the distribution is to take place, as when the legatees shall arrive at the age of twenty-one, then all the children born before that time will come in, and such

22—68

as are subsequently born will be excluded; but where there is an *indefinite* period for distribution, the legacy vests at the death of the testator and none can take except those *in esse* at that time. *Myers* v. *Myers,* 2 McCord Eq., 256. This rule might be different, if, as matter of fact, there were no grand-children *in esse* when the will speaks; but the admitted facts in this case show that a number of grand-children were living at the death of the testator. It is alleged in the complaint and admitted that all the grand-children of the said testator, who were in existence at the time of his death, have been joined as parties defendants to this action. We think, further, that the testator meant to charge the land devised to each parent named with the payment of the legacy of $20 to each of the children of such devisee. The legacy was made payable by the parents, and each parent, devisee, was in this matter to take care of his or her own children.

But an absolute estate had been devised to each devisee, and the gift to the grand-children in no wise affected the absolute power of the sale which each devisee had. Indeed, the gift being of money and the land being referred to only as a source of payment, it is perfectly consistent with the trust imposed upon the devisees to pay these legacies, that they have unrestricted power of sale, subject only to restraint by a court of equity in event of an attempted or proposed breach of trust, all of which features are eliminated from the case by the unassailed conclusions of the Circuit Court. We agree, therefore, with the Circuit Court that plaintiff can convey a good fee simple title free from all charges imposed by the will, and that defendant, McCarter, should specifically comply with his contract of purchase.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *concurring.* I concur in the view that the legacies were limited to grand-children *in esse* at the death of the testator. On the authority of *Bank* v. *Gregg,* 46 S. C., 169, 24 S. E., 64, I think the legacies were charges on the land, and that the devisees could not make a

title free from this charge. The grand-children, however, were parties to the cause, and not having appealed, are bound by the Circuit decree. For this reason I concur in the result.