7624

CAROLINA BOND AND INVESTMENT CO. v. CALDWELL.

WILLS—ISSUE—LIMITATION OF ESTATES.—In the will here in question the word "issue" is used as a word of purchase, and the children of testator's son, who predeceased the testator, *in esse* at death of testator, take in exclusion of the son's grandchildren born after death of testator.

Before PRINCE, J., Richland, April, 1910. Affirmed.

Action by Carolina Bond and Investment Co., F. H. Weston, Wm. Weston, A. E. Gonzales and I. L. Withers against Howard Caldwell. Defendant appeals from judgment for plaintiffs.

*Messrs. Clark & Clark,* and *Logan & Edmunds,* for appellants.

*Mr. Washington Clark* cites: 16 S. C., 294; 3 Rich. Eq., 574; 24 S. C., 314; 1 Rich. Eq., 411; 36 S. C., 366; 17 S. C., 435; 26 S. C., 469; 36 S. C., 302; 17 S. C., 45, 459.

*Mr. W. T. Aycock,* contra, cites: 53 S. C., 6; 4 Rich. Eq., 485; 33 S. C., 293; 79 S. C., 364; 7 Rich. Eq., 362; Bail.

Eq., 535; 16 S. C., 293; 23 S. C., 237; 1 DeS. Eq., 156; 56 S. C., 346; 4 Strob. Eq., 103; 38 S. C., 129; 46 S. C., 169; 67 S. C., 1; McCh. 61; 81 S. C., 282; 26 S. C., 481; 2 McC. Ch. N., 4; 68 S. C., 335; 77 S. C., 278; 73 S. C., 469; 80 S. C., 501; 85 S. C., 54.

July 18, 1910. The opinion of the Court was delivered by ·

MR. JUSTICE GARY. This is an action for specific performance of contract, and the appeal is from an order sustaining a demurrer to the answer, on the ground that it did not state facts sufficient to constitute a defense.

The exceptions assign error, on the part of his Honor, the presiding Judge, in construing the will of Dr. A. W. Kennedy. The fifth, seventh and eighth clauses of the will are as follows:

"Fifth. All my real estate and all improvements thereon at the time of my death, and all stock on my farms near Columbia at my death, including horses, mules, cattle, hogs and all other domestic animals, all farming implements, all farming products thereon at my death I give, devise and bequeath unto the survivors, at my death, of the following persons, viz.: Unto Lettie Chick and her children, Walker Kennedy, Butler Kennedy, John Kennedy and Mary Kennedy, to have and to hold the same in common, in trust, nevertheless, for the sole use, benefit and behoof of the lawful issue of the said Walker, Butler, John and Mary, without power to sell, the said Lettie, Walker, Butler, John and Mary having a life interest, share and share alike, in the annual products of said farm: *Provided,* That they, the said Lettie, Walker, Butler, John and Mary will permit my foreman, George Kennedy, to occupy during his life, the house in which he now resides on my farm, near the city of Columbia, on condition that he, the said George, even though he become infirm and an invalid, to have, during his life, one-tenth of the annual products of the said farms, one-

tenth of the fruit from the orchard, with the privilege of raising poultry and hogs and of keeping one cow, he feeding, at his own expense, all such domestic animals, and of using necessary firewood, and of getting water from the spring near his house.

"Seventh. It is my will that the said Walker, Butler and John shall work on said farm, but should they prefer to furnish a good hand each, they may go away and shall still receive their annual share. * * *

"Eighth. When the youngest devisee of the real estate shall attain the age of twenty-one, or marry, there shall be a division of said real estate, and the said George, should he still survive, shall receive the one-tenth for life of said real estate, and the one-tenth of the yearly produce of the orchard, at his death his share to go to the other devisees of the real estate above described, share and share alike, and the remaining nine-tenths of the said last mentioned division shall be held by the said Lettie, Walker, Butler, John and Mary, in trust for the sole use, benefit and behoof of the lawful issue of the said Walker, Butler, John and Mary, the said Lettie, Walker, Butler, John and Mary having a life interest, share and share alike, in the products of the same."

The facts are thus stated by the Circuit Judge: "At the time of the testator's death, Walker and Butler, aforesaid, were dead, the former unmarried and without issue, the latter, Butler, leaving four children alive at said time. John and Mary were living, neither of them being married or having issue. Some years later, to wit: June 8, 1897, these four children of Butler Kennedy, commenced an action for partition of the real estate mentioned in the said will, the defendants being John Kennedy, then unmarried and without issue, and the said Mary, then the wife of Summerfield Perrin, with her children, the same being all her issue. At the time this action was brought, four grandchildren of Butler Kennedy were *in esse,* none of whom was a party to

the action, nor *in esse* when the testator died. The action proceeded to a final decree, wherein it was held, that the four children of Butler Kennedy, the plaintiffs, all of whom were living at the testator's death, had a fee simple estate in one-third of the said real estate under the said will. The decree also fixed the rights of the other parties, but I am not concerned with them, under the view of this will adopted. A sale of the said real estate was ordered, the said lands were sold, and by successive conveyances they have come into the possession and ownership of the plaintiffs in the action before me. The defendant has agreed to purchase these lands, and the plaintiffs have agreed to sell the same to him, as appears in the complaint and answer, but the defendant alleges in his answer, that the four grandchildren of Butler Kennedy had interests in the land when the action for partition was brought, and that by reason of the failure to make them parties to the cause, they still have interests in the said land. The plaintiffs demur to the answer of defendant, and submit the view that these four grandchildren of Butler had no interest in the said land, and were not necessary parties to the action."

Lettie Chick was also dead at the time the testator departed this life in 1882. In sustaining the demurrer to the answer the Circuit Judge assigned the following reasons: "The trust attempted to be created in this will is a dry trust, there being nothing for the trustee to do, and the word 'issue' as used therein is synonymous with 'children.' The children of Lettie Chick took life estates, and Butler Kennedy's children took their interests, at the testator's death in fee, subject to the use of the land by the life tenants or the survivor of them. The grandchildren of Butler Kennedy, mentioned in the answer, took nothing under the will, and were not necessary parties to the action for partition referred to."

The appellant's exceptions are as follows: 1. "Because his Honor erred, it is respectfully submitted, in holding

that the word 'issue,' as used in the will, was synonymous with 'children,' the error being that there was nothing in the will to indicate that the testator intended to so limit the meaning and use of the word, but, on the contrary, the same was used in a most general sense.

II. "Because his Honor erred in finding and holding that the children of Lettie Chick took life estates, the error being that the estates devised were enlarged to fees conditional, which vested in the two surviving children of Lettie Chick at the death of the testator.

III. "Because his Honor erred in finding and holding that "Butler Kennedy's children took their interests at the testator's death, subject to the use of said lands by the life tenants, or the survivor of them,' the error being that the estates devised by the will, having been enlarged to fees conditional, and Butler Kennedy having predeceased the testator, the estate lapsed as to him, and his children took nothing thereunder, and the estate intended for the issue of Butler Kennedy reverted to the testator, and would pass to his heirs at law.

IV. "Because his Honor erred in finding and holding that the children of Butler Kennedy took their interests, at the testator's death, subject to the use of said lands by the life tenants, or the survivor of them, and that the grandchildren of Butler Kennedy took nothing under the will, the error being that if life estates were vested in the children of Lettie Chick, the remainders did not vest at the death of the testator, but could only vest upon the death of the last life tenant, and all children and grandchildren of Butler Kennedy *in esse,* at the time of the death of the last life tenant, would take under the will.

V. "Because his Honor erred in finding and holding that the grandchildren of Butler Kennedy were not necessary parties to the action for partition referred to in the answer, the error being that the words 'lawful issue' include an indefinite line of descent, and unless there be something in

the will, which there is not, to indicate that the testator intended to limit the meaning of the word 'issue,' the grandchildren of Butler Kennedy *in esse,* at the time of the commencement of this action, had an interest in the property, which interest could not be divested, unless the parties were properly before the Court."

We proceed to consider the exceptions in regular order:

*First Exception.* In *Mendenhall* v. *Mower,* 16 S. C., 303, it is said: "The word issue is susceptible of three meanings: 1. It may describe a class of persons who are to take as joint-tenants with the parties named. 2. It may be descriptive of a class who are to take at a definite and fixed time as purchasers; and 3. It may denote an indefinite succession of lineal descendants who are to take by inheritance. Whenever this word is used, either in a deed or will, it must be used in one of these senses. The difficulty in most cases is to determine in which of these senses it has been employed."

"Issue" is either a word of purchase or of limitation, and if in the present case it be shown that it is not a word of limitation, then it necessarily follows that it must be construed as a word of purchase.

In discussing the rule in Shelley's case the Court, in *Austin* v. *Payne,* 8 Rich. Eq., 1, uses this language: "Although it is well settled to apply to equitable, as well as legal interests, yet it is equally well established that, in order thus to coalesce, the estate of the ancestor and the limitation to the heirs must be of the same quality, that is, both legal and both equitable. Thus, it frequently happens that a testator devises land in trust for a person for life, and, after his death, in trust for the heirs of his body, but gives the trustees some office, in regard to the tenant for life, that causes them to retain the legal estate during his life, but which, ceasing at his death, does not prevent the limitation to the heirs of the body from being executed in them. In such cases, by the rule thus stated, they, that is, the heirs, are pur-

chasers.' 2 Jarm. on Wills, 243. Let us apply these princi-
ples to the deed of McDaniel. It is recited in the deed, that
Rosa Manning Payne was the wife of the defendant, Wesley
Payne, and it is provided that she shall enjoy the rents, etc.,
during her natural life, *to her sole use.* If the purposes of
the deed, in any possible event, require that the legal estate
should remain in the trustees, the use is not executed by the
statute, but the legal estate remains in the trustees, and the
interest of the *cestui que use* is merely equitable. Upon this
principle it has been often decided that a trust to permit a
*feme covert* to receive the rents for her separate use, vests
the estate in the trustees."

See also *Jackson* v. *Jackson,* 56 S. C., 346, 33 S. E., 749,
and *Young* v. *McNeill,* 78 S. C., 143, 59 S. E., 986.

There are several reasons why the use was not executed in
the present case: (1) The provision that the trustees were
"without power to sell," indicates that the children of
Lettie Chick were not expected to enter upon the full enjoy-
ment of their beneficial interests, immediately after the tes-
tator's death, but at a future period. (2) The provision in
the seventh clause of the will, likewise tends to show the
necessity for the legal title to remain in the trustees, at least
until the period therein fixed for the division of the property.
(3) The provision that Walker, Butler, John and Mary
Kennedy, were only to have life interests in the annual prod-
ucts of the farm, indicated that they were not vested with
the full powers of life tenants, but merely had a right to a
support and maintenance out of the property. (4) The
provision in the eighth clause of the will, that there should
be a division of the real estate, when the youngest devisee
should attain the age of twenty-one years or marry, is incon-
sistent with the theory, that the life estates of Lettie Chick's
children were enlarged to fees conditional, thereby showing
that "issue" must be construed as a word of purchase. We
would also rely upon the provision made for George Ken-

22—86

nedy, to show that the use was not executed but for the fact, it seems, that he died before the testator.

*Second Exception.* It was the intention of the testator that Butler Kennedy and the other devisees, mentioned in the foregoing clauses of his will, should sustain a dual relation to the property therein mentioned: (1) That of trustee, and (2) that they should take a beneficial interest during their lives. The devise to the "issue" of Butler Kennedy did not lapse for the reason that they did not claim through him, but directly from the testator. The death of Butler Kennedy during the life time of the testator defeated the beneficial interest which he would have taken under the will, but in no respect affected the power of the surviving trustees, to hold the entire property, in trust for the lawful issue of all the children of Lettie Chick, for in section 5 of his will, the testator says: "I give, devise and bequeath unto the survivors at my death, of the following persons, viz.: unto Lettie Chick and her children, Walker Kennedy, Butler Kennedy, John Kennedy and Mary Kennedy, to have and to hold the same in common, in trust nevertheless for the sole use, benefit and behoof of the lawful issue of the said Walker, Butler, John and Mary," thus showing that the surviving trustees were not to hold simply for the benefit of the issue of the children who survived the testator, but for the issue of the four children.

*Third Exception.* As it has been shown that the lapse of Butler Kennedy's beneficial interest did not affect the rights of his issue, this exception can not be sustained.

*Fourth Exception.* The rule in regard to the right of a grandchild to take under a will when the testator used the word "children," is thus stated in *Izard* v. *Izard,* 2 Dess., 309: The word "children" used in a will, shall not be construed to mean grandchildren, unless a strong case of intention, or necessary implication, requires it. The case of *Ruff* v. *Rutherford,* Bailey's Eq., 7, is to the same effect, where it is stated that grandchildren do not take under a

bequest to *children,* except where there are no children, or there are strong and conclusive circumstances to show that such was the intention of the testator. No such facts exist in the present case.

*Fifth Exception.* Having reached the conclusion that the grandchildren of Butler Kennedy did not take any interest under the will, it was, of course, unnecessary that they should be made parties to the action for partition.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE JONES and MR. JUSTICE HYDRICK *concur in the judgment.*

MR. JUSTICE WOODS, *concurring.* The question which determines this appeal is whether under the will of A. W. Kennedy the grandchildren of testator's son, Butler Kennedy, took as devisees and were therefore proper parties to an action for partition brought by the children of Butler Kennedy for partition of the lands devised by the will. I concur in the result reached by Mr. Justice Gary, but do not agree with him as to the construction of the will.

As it seems to me the will should be thus construed: First, the trustees named and the survivor of them had no duty to perform with respect to "the issue" of the testator's children who were to have the land after his children had enjoyed the annual product for their lives; and as to such issue the use was executed. Second, "the issue" of the children did not mean the indefinite lineal descendants of the children of the testator, for the intention of the testator to point out particular issue is clearly shown by the provision for a division of the land, "when the youngest devisee of the real estate shall attain the age of twenty-one or marry." This distinguished the case from *Whitworth* v. *Stukey,* 1 Rich. Eq., 404; *Bethea* v. *Bethea,* 48 S. C., 440, 26 S. E., 716, and other cases of that kind. Hence the issue of the

children took as purchasers and not by descent, and there was no fee conditional in the children of the testator. Third, This narrows the inquiry to what particular issue of his children the testator meant to make his devisees. There can be no doubt that all the lineal descendants of the children of the testator were entitled to share in the devise to the issue of testator's children. *Gourdin* v. *Deas,* 27 S. C., 492, 4 S. E., 64; *Vale Royal Mfg. Co.* v. *Santee River Cypress Lumber Co.,* 84 S. C., 81. The word issue, therefore, cannot be construed to mean children, but must be held to denote all who answer to the description of issue of testator's children at some particular time. What was that time? Manifestly the time of partition was not intended as it was in *Rutledge* v. *Rutledge,* Dudley's Eq., 201, and *Gourdin* v. *Deas, supra,* for the provision of the will that the partition shall take place when the youngest devisee shall attain the age of twenty-one years, or marry, clearly indicates that before that time all the devisees should have been ascertained. The testator having thus excluded the idea that the devisees entitled to take as issue of his children should be ascertained at the period of distribution, and having expressed no other time for the ascertainment of those entitled to take as issue of his children, the law fixes the date of the testator's death as the time of ascertainment. *Myers* v. *Myers,* 2 McC. Eq., 256; *Waddell* v. *Waddell,* 68 S. C., 335, 47 S. E., 375.

The question here is between the children and grandchildren of Butler Kennedy, who died before his father, the testator. The children, being the only issue in existence at the time of the death of the testator, were entitled as devisees to the exclusion of the grandchildren born afterwards. It follows that the grandchildren had no interest in the land and were not proper parties to the action for partition instituted by the children of Butler Kennedy. For these reasons I think the judgment of the Circuit Court should be affirmed.