## No. 10605.

### NEWTON *ET AL.* v. McLAURIN, *ADM'R.*

#### (106 S. E. 851)

1. WILLS—INCOME ON HAND AT LIFE TENANT'S DEATH HELD TO GO AS PROVIDED FOR SURPLUS INCOME, AND NOT TO REMAINDERMEN.—Under a will giving property to two daughters of the testatrix for life, and provided that the income should exceed enough to comfortably support them, or if one of them died, or married, the excess or surplus should be equally divided among the other living children, and that if either died or married the other should have the use of so much of the estate as was necessary to support her, any balance of the income coming into the hands of the surviving life tenant's executor should be distributed among the living brothers and sisters to the exclusion of the heirs or assignees of deceased brothers and sisters entitled to share in the remainder.

2. WILLS—RENT FOR YEAR IN WHICH LIFE TENANT DIED HELD TO GO AS PROVIDED FOR SURPLUS INCOME.—Under a will giving property to two daughters of the testatrix for life and providing that any surplus income beyond what was needed for their comfortable support should be divided among the other living children, where the surviving life tenant had leased land for the year in which she died, taking a note maturing after her death, such rent was income to be paid to the living brothers and sisters.

Before McIVER, J., Marlboro, May, 1920. Affirmed.

Action by Mrs. Elizabeth Newton, Mrs. Katherine Teague and Mrs. Nora Jane Peele against Julian G. McLaurin, as Administrator C. T. A. of Mary Gibson, deceased. From judgment for plaintiffs the defendant appeals.

Mary Gibson died many years ago, leaving certain real estate, and sons and daughters, some of whom are parties hereto. She also left a will, which is copied in the case. Penelope Gibson outlived Miranda Gibson, dying March 8, 1917, neither of them having married. After her death, as stated in the complaint, the respondents and others, heirs at law of the testatrix, brought suit for the sale of the land and the division of the proceeds among them and the other heirs of the testatrix and their assigns, which was ac-

cordingly granted by the Court. The land had, however, before the death of Penelope, been rented out for 1917, the lessee having given the appellant a note for the rent, due November, 1917, in the amount of $1,900, which was paid at maturity. The funds in the hands of the administrator at the death of Penelope Gibson, and received by him after that time, are correctly stated in the return of the respondent. As appears from the returns filed by the administrator, his commissions of $95 were taken from the gross sum in his hands, as were also the taxes on the land, which would amount to $33.06, and stamps on deed, amounting to $29.

The question was whether the surviving brothers and sisters of Penelope Gibson would take all of the funds, including the entire rent for 1917, or whether the remaindermen and their assigns (among whom were, of course, such survivors) would take the proportionate part of the rent for 1917 determined by the time of the death of Penelope Gibson. The case was heard by Hon. Edward McIver, Circuit Judge, by consent, on a rule issued against the appellant.

The following is the will of Mary Gibson:

State of South Carolina, Marlboro County.

Know all men by these presents, that I, Mary Gibson, of the State and county aforesaid, being weak and feeble, but of perfect mind and memory, do make and ordain this my last will and testament in the manner and form as follows, viz: 1st. After all my just debts are paid I will and bequeath to my daughters, Miranda Gibson and Penelope Gibson, the use of all my property, both real and personal, during their natural lives, provided they never marry. If both my daughters should marry, whose names are above written, it is my will that my estate, both real and personal, be equally divided between my children and the heirs of their body, share and share alike. It is my will that should the income from my estate exceed enough to comfortably

support my daughters, Miranda Gibson and Penelope Gibson, or one of them, should one of them die or marry, the said excess or surplus I will to be equally divided among the rest of my children then living. It is my will that if either of my daughters, Miranda Gibson or Penelope Gibson, should die or marry, the remaining single one have the use of my estate or so much of it as is necessary to support her during her natural life, provided she remain single. I do hereby appoint my trusty friend and nephew, Raiford Gibson, executor to this my last will and testament, hoping and confiding in him that he will carry the same into effect according to the intent and meaning. This 23rd day of June, in the year of our Lord one thousand eight hundred and seventy-seven.

The following is the Circuit Court decree:

The above-stated matter comes on to be heard before me by agreement of all parties. The right of either party to have the same heard by Judge Townsend, who issued the rule, being expressly waived. After due consideration of the petition and the return thereto, and full argument by counsel for both sides, I am clearly of the opinion that it was the intention of the testatrix, Mary Gibson, that all income accruing from her estate should be applied priamrily to the comfortable support and maintenance of her two daughters, Miranda and Penelope, during the lifetime of the survivors, and that any balance of the fund coming into the hands of the executor or his successors for that purpose should upon the death of the survivor of the two be distributed among their surviving brothers and sisters to the exclusion of the heirs at law or assignees of those brothers and sisters who predeceased Penelope, the survivor of the two prime beneficiaries.

I hold that the rent which was paid or secured to the executor for the year 1917 was income in the hands of said executor dedicated by the terms of the will

to the support and maintenance of Miranda and Penelope, and that the same, together with any balance from previous years, must be distributed among the petitioners, the four surviving brothers and sisters, pro rata, in accordance with the plain direction of the will, and it is so ordered, adjudged and decreed.

*Messrs. McColl & Stevenson,* for appellant, cite: *Rent is an incident to the ownership of the soil; and estate of a life tenant is entitled to rents accrued to date of death of such life tenant:* 94 S. C. 158; 11 Rich. Eq. 31; Sec. 3494-96, 1 Civil Code 1912. *In 33 S. C. 258, rent went to devisee and not to executor of deceased owner. Life tenants not entitled to rent after death even if note had been previously given:* 112 S. C. 211; 99 S. E. 817. *Tenant for life in nature of trustee and purchaser from him stands in the same relation:* 2 McC. Eq. 149.

*Messrs. Townsend & Rogers,* for respondents. Oral argument.

April 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by Hon. Edward McIver, Circuit Judge, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE FRASER concurs.

MR. CHIEF JUSTICE GARY (concurring.)    Sections 3633 and 3634 of the Code of Laws, 1912, are as follows:

3633.  "If any person shall die after the first day of March in any year, the crop on the lands which were in the occupation of the deceased shall be assets in the executor's or administrator's hands, subject to the debts, legacies, and distribution, the taxes and expenses of cultivation of such crop being first paid."

3634. "The emblements of such lands which shall be covered before the last day of December following, shall, in like manner, be assets in the hands of the executors or administrators; but all such emblements growing on the lands on that day, or at the time of the testator's or intestate's death, if that happens after the said last day of December and before the first day of March, shall pass with the lands."

The will of Mary Gibson provides that—

"After all my just debts are paid, I will and bequeath to my daughters, Miranda Gibson and Penelope Gibson, the use of all my property, both real and personal, during their natural lives."

This provision of the will, standing alone, shows that as Penelope died after the 1st day of March, 1917, the crops of that year belonged to her and did not pass with the land. *Newton v. Odom,* 67 S. C. 1, 45 S. E. 105. But the foregoing must be construed with the following provision:

"It is my will, that should the income of my estate exceed enough to comfortably support my daughters, Miranda Gibson and Penelope Gibson, or one of them, should one of them die or marry, the said excess or surplus I will to be equally divided among the rest of my children, then living."

As Penelope died after the 1st day of March, 1917, she had an interest in the crops of that year to the extent of a comfortable support, until her death. Having reached this conclusion, it necessarily follows that the excess, or surplus income of 1917, must be equally divided among the children of the testatrix living at the time of Penelope's death.

It cannot be successfully contended that there was not a surplus, or excess, of income in 1917, on the ground that the income of previous years , in the hands of the administrator

at the time of Penelope's death, rendered unnecessary a resort to the rents collected in 1917 for the comfortable support of Penelope. The answer of the defendant relative to this question is as follows:

"Since the death of the said Miss Penelope Gibson, by reason of this suit and the cost of the burial expenses, and other accounts for supplies and merchandise furnished her, he has paid out the sum of $1,167.65. That if this is charged against the amount which was on hand at the time of the death of the said Miss Penelope Gibson, there is left the sum of $316.68, and respondent is informed, and believes, that the major portion of the amount on hand with him is income which has arisen since the death of Miss Penelope Gibson, and to which it is contended she had no right, but under the will it goes to the owners of the soil from which it was accrued, and *that the only part of the rent paid for the year 1917, that would be applicable as income accrued during the life of Miss Penelope Gibson would be such proportionate part of the entire rent as the period of the year before March 8th bears to the whole year, and* that the relators and the surviving brother mentioned in the said procedings are not entitled to take over the fund on hand with him, to the exclusion of the other children of the testatrix, their heirs or assigns."

The words which we have italicized show that the defendant does not dispute the fact that Penelope was entitled to a part of the income of 1917. Therefore, under the express provisions of the will, the children of the testatrix living at the time of Penelope's death were entitled to the surplus income of that year. Furthermore, the $316.68 hereinbefore mentioned represented the surplus or excess of income during the previous years, and was not applicable to the debts of Penelope, but those of the children of the testatrix living at Penelope's death were entitled to it.

For these reasons, I concur in the opinion of Mr. Justice Watts.

MR. JUSTICE COTHRAN: I do not concur in the conclusion arrived at by a majority of the Court for the following reasons:

Mary Gibson, late of Marlboro county, died some years ago, leaving a will by which she devised to her two unmarried daughters, Miranda and Penelope—

"the use of all my property, both real and personal, during their natural lives, provided they never marry."

The will further provided that if either of these daughters should die the survivor should—

"have the use of my estate or so much of it as is necessary to support her during her natural life, provided she remain single."

It is further provided that should the income from the estate be more than enough to comfortably support the daughters, or the survivor, under the conditions named above—

"The said excess or surplus I will to be equally divided among the rest of my children then living."

The executor is charged by the will with the duty of carrying it into effect according to its intent and meaning. The daughter, Miranda, predeceased Penelope, and the latter died on March 8, 1917. At that time the administrator had on hand from the income of the estate the sum of $1,484.33, of which he applied $1,167.55 to a judgment and other expenses incurred on account of the support of Penelope, leaving in his hands $316.68 as a surplus, distributable under the will.

After the death of Penelope, the lands and personal property were partitioned among the heirs, without reference to the deaths of certain of the children prior to the death of Penelope. In November, 1917, the administrator collected $1,900 on account of rent of the lands for the year 1917, a note therefor having been given by the tenant to the administrator in the early part of that year for that amount. At the death of Penelope there were four living children of the testatrix; several of the children, neither

the names nor number being set out in the case, predeceased Penelope, some of whom it appears have assigned their interests in the estate to strangers. One of the four children is not made a party to this proceeding; none of the heirs or assignees of those who died before Penelope are made parties. The matter comes up upon a petition by the respondents in this appeal and the return of the administrator to a rule to show cause, setting up the claims of the representatives in interest of the children who predeceased Penelope, and as stated in the circuit decree, was heard "by agreement of all parties." I assume that the petition was filed in the Court of Common Pleas.

Unless this Court is prepared to render a decision in favor of the representatives of the children who predeceased Penelope, simply for the guidance of the administrator, assuming that they will not object to a decision in their favor, it seems to me that it is but "rolling empty barrels about" to attempt to conclude the interests of parties not before the Court. The relators as they are styled, three of the four living children, contend that they are entitled each to one-fourth of the $316.68, the surplus above referred to (as to which there appears to be no contest) and also to the same proportion of the $1,900 rent of 1917. The administrator suggests that they are not so entitled, "to the exclusion of the other children of the testatrix, their heirs and assigns." In other words, the point at issue is whether the $1,900 rent of 1917 should be considered a part of the surplus of income after providing for the support of Penelope and distributable as such under the will to the four living children or as intestate property of the estate, distributable to all the heirs.

In view of the provisions of the will, and of the death of the daughter, Miranda, Penelope surviving, the devise may be considered as in this form:

"I devise to my daughter, Penelope, the use of all of my property, both real and personal, or so much of it as may be

.necessary to support her during her natural life; the surplus from the income of which shall be divided equally among the rest of my children then living."

It seems to me that the bare statement of this provision is a sufficient demonstration of the conclusion that Penelope did not take a life estate in the property of the testatrix, but that it was simply a charge upon the property for her comfortable support; that this charge was fully satisfied when, as it appears, there was at her death in the administrator's hands a surplus of $316.68, over and above what was required for her comfortable support, and that what income was received after that time belonged to the estate, and was distributable as interstate property. Jackson v. Jackson, 56 S. C. 346, 33 S. E. 749.

Upon the death of Penelope there was already a surplus of income over expenditures; that income subsequently received could scarcely be considered surplus when no part of it was needed for her support and five-sixths of it was earned after her death.