JACOBS v. THE MUTUAL INSURANCE CO. OF GREENVILLE.

1. LIMITATION OF ESTATES—INSURABLE INTEREST.—A conveyance from husband to wife for love and affection, and upon further agreement and trust that he, during coverture, be allowed the possession and use of the premises free of charge, he agreeing to pay all taxes

and insurance, &c., retains life estate in the husband, and he has an insurable interest in the property.

2. DEEDS—AGREEMENT TO RECONVEY.—So much of a deed as requires grantee to reconvey to grantor at his request is void.

3. INSURANCE—MUTUAL INSURANCE COMPANY OF GREENVILLE.—No one except members of the Mutual Insurance Company of Greenville can insure property in it.

Before WATTS, J., Greenville, August, 1897. Modified.

Action by W. H. and M. J. Jacobs *v*. The Mutual Insurance Company of Greenville, on the following complaint:

I. That the defendant is a corporation duly chartered and organized under and by virtue of the laws of the State aforesaid, and was such at the times hereinafter stated.

II. That W. H. Jacobs, about ten years ago, being the owner in fee of the dwelling house hereinafter described and the land on which it was situate, conveyed the same to his coplaintiff, M. J. Jacobs, who is his wife. That the said conveyance was for the purpose of providing for her, and was upon the further agreement and trust that the said W. H. Jacobs should, during coverture, be allowed the possession and use of the said premises free of charge, and that she would reconvey to him upon his request, he agreeing to pay all taxes and insurance thereon, and to make all necessary repairs and improvements, which agreement has, subsequent to said conveyance, been reaffirmed between the plaintiffs. That accordingly the said W. H. Jacobs has, ever since the said conveyance and up to the time of the fire hereinafter referred to, occupied and used the dwelling house as a home for himself and family, and has cultivated and used the lands connected therewith as a farm free of all charges, except that he has paid all taxes and insurance thereon, and that subsequent to said conveyance and in pursuance of said agreement, he made valuable improvements and repairs on said dwelling house and paid for the same.

III. That on March 25th, 1895, W. H. Jacobs was so possessed of the said dwelling house and the land on which it was situate, and he had a pecuniary interest in the pres-

ervation of the said property, and he was under contract with his wife, M. J. Jacobs, to insure the said dwelling house for her protection. That on the said day, to wit: March 25, 1895, the defendant company, for valuable con-sideration, issued and made to this plaintiff a policy of in-surance upon the dwelling house, a copy of which is hereto attached, marked "Exhibit A," and thereby insured the said dwelling house against loss or damage by fire to the amount of $2,000, the said dwelling house being described in the said policy as a two-story frame building, situate on the west side of the Augusta road, eleven miles from Green-ville, S. C.

IV. That at the time of the issuance of the said policy, W. H. Jacobs informed the agent of defendant company that the title to the said property was in the name of his wife, M. J. Jacobs, and that the said agent raised no objec-tion on that account, and, notwithstanding the said informa-tion, issued the said policy in the name of W. H. Jacobs, who paid the charges therefor and accepted the same, sup-posing that by the said policy his coplaintiff, as well as himself, would be protected as against loss or damage to the said building by fire.

V. That it was intended by said policy to insure the said dwelling house in favor of the said M. J. Jacobs; and if said policy does not cover her interest, these plaintiffs charge it should be reformed.

VI. That being still under this impression, and with the view to comply with the agreement contained in the said policy of insurance, the said W. H. Jacobs, from time to . time, until the fire hereinafter referred to, paid all assess-ments made upon him by the officers of the said company to pay for fire losses suffered by other policy-holders in said company. That after said fire, the defendant company ceased to make any further assessment upon the said W. H. Jacobs. That no other person save the said W. H. Jacobs and M. J. Jacobs have any interest or claim in or to the

said dwelling house; and the said dwelling house was worth more than $2,700.

VII. That on the 28th of February, 1896, the said dwelling house was totally destroyed by fire, which did not happen by any fault of the plaintiffs.

VIII. That immediately after the said fire, the said W. H. Jacobs caused due notice to be made and filed with the defendant, and he complied with all of the requirements of section 6 of the said policy within sixty days after said fire, and the said W. H. Jacobs has duly fulfilled all conditions of the said policy of insurance.

IX. That the defendant company has duly waived, in writing, the submission to arbitrators provided for in section 8 of the said policy.

X. That the loss and damage under said policy amount to $2,000; that the same became due and payable on April 28th, 1896; that the defendant, though requested to pay the same, has refused, and still refuses, so to do; and the defendant is indebted to the plaintiffs on said policy in the sum of $2,000, with interest at seven per cent. per annum from the 28th day of April, 1896, which plaintiffs claim.

Wherefore, plaintiffs demand judgment against the defendant for the sum of $2,000, with interest at seven per cent. per annum from the 28th day of April, 1896.

From judgment of nonsuit plaintiffs appeal.

*Messrs. Haynsworth & Parker* and *J. C. Jefferies*, for appellants, cite: *Insurable interest:* 21 S. C., 492; 36 S. C., 549; 32 S. C., 241; 63 Fed. R., 686; 129 Mass., 186; 56 N. Y., 354, 854; 30 Me., 414; 50 Penn. St., 341; 18 La., 431; 8 L. R. A., 806; 11 Kan., 533; 12 Wend., 507; 50 Penn., 341; 48 S. C., 195; 5 Wall., 509; 107 U. S., 485; 48 S. C., 195; 106 U. S., 535; 62 N. Y., 47; 32 Mo. App., 148; 40 N. Y., 659; 45 N. E. R., 1078; 7 A. R., 161; 36 N. E. R., 408; 15 Wall., 509; 30 N. E. R., 254; 12 Wend., 507; 19 Pick., 81; 15 Minn., 59; 58 Wis., 594; 56 N. Y., 354; 7 Mont., 585; 41 Neb., 328; 5 L. R. A., 323; 1 Hill Ch., 335. *W. H.*

*Jacobs had such property interest as entitled him to insure in this company:* 35 Am. Rep., 378; 48 S. C., 195; 26 Am. R., 368; 77 N. Y., 605; 122 Mass., 191; 127 Ib., 383; 132 Ib., 521; 5 Am. St. R., 159; 29 Conn., 10; 29 Am. Rep., 271; 16 Wend., 385; 18 Md., 20.     *Company could enforce its claims against Mrs. Jacobs as undisclosed principal:* 3 Strob., 542; 6 S. C., 216; 17 S. C., 329; 6 Hill, 318; 54 N. H., 561; 125 Mass., 439; 15 M. & W., 359; 30 S. C., 490.     *Agents in mutual company may waive conditions of policy:* 17 Ia., 276; 13 Wal., 222; 138 Mass., 410; 42 Kan., 619; 27 L. R. A., 171; 4 Mich., 206; 120 Ill., 127; 38 Ill., 166; 32 N. H., 313; 4 L. R. A., 458; 63 Vt., 53; 41 Kan., 161; 111 Cal., 503; 130 N. Y., 206; 18 Ins. L. J., 457; 51 N. W. R., 987; 124 Pa. St., 484; 50 N. Y. S. R., 35; 15 Ins. L. J., 475; 82 Fed. R., 508.

*Messrs. Jos. A. McCullough* and *J. P. Carey*, contra, cite: *Reformation of policy not warranted by the facts:* 55 N. Y., 240; 67 N. Y., 283; 64 N. Y., 453; 8 Ins. L. J., 773; 10 Ib., 670; 12 Hun., 321; 11 Ins. L. J., 257; 18 Ib., 373; 18 Ohio, 459; 19 Ib., 452; 16 Md., 260; 40 Mo., 33; 21 Ore., 179; 55 Md., 233; 50 Pa., 299; 22 Fed. R., 468; 21 S. C., 235.     *Company can only insure property of its members:* 21 Stat., 1120. *Interest of the members in property insured must be subject to lien, levy and sale:* 42 Ga., 587; Rev. Stat., 2149; 36 S. C., 534; 44 S. C., 454; 2 Taut., 513; 26 N. Y., 422; 2 East., 385; 6 Conn., 318; 16 Or., 283; 101 Ala., 522; 32 Mo., 302; 2 Pet., 50; 38 Mich., 548; 83 Me., 362; 81 Me., 373; 120 Ind., 554; 42 La., 11; 40 Mich., 241, 62 N. Y., 47.     *Agents of mutual company have no power to waive conditions of charter and by-laws:* 9 Allen, 329; 1 Beas., 333; 97 Ind., 299; 69 Ind., 354; 14 Gray, 80; 42 N. J. Eq., 459; 6 Gray, 169; 166 N. Y., 276; 37 N. E. R., 1105; 152 Mass., 272; 23 S. C., 69.

March 24, 1898. The opinion of the Court was delivered by . MR. JUSTICE GARY. As the appeal herein is from an order sustaining a demurrer to the complaint, on the ground

that it does not state facts sufficient to constitute a cause of action, it will be necessary to set out the complaint in the report of the case.

The second and sixth sections of the act incorporating the defendant are as follows: "Section 2: That the corporation shall have the right to mutually insure the places of business, dwelling houses, barns and other buildings of the members in Greenville County, or elsewhere in this State; such insurance to be against loss by fire, wind or lightning, upon such terms and conditions as may be fixed by the by-laws of said corporation.   Section 6. That all buildings and other property insured by and with said corporation, together with the rights, titles, and interests of the assured in the lands on which such buildings or other property may stand, shall be pledged to said corporation to secure the payment, by the party insured, of the assessments and premiums to which they are liable under their contract of insurance, and the by-laws and rules of said corporation; and the said corporation shall have a lien thereon against the assured, his or her heirs, representatives and assigns, during the continuance of their insurance, as to all assessments and premiums for which the assured may be liable according to the said rules and by-laws."   On the 2d of March, 1897, an act was passed amending section 2, so as to read as follows: "That the corporation shall have the right to mutually insure the places of business, dwelling houses, barns, and other buildings, and property of its members in Greenville County, or elsewhere in the State, such insurance to be against loss by fire, wind or lightning, upon such terms and under such conditions as may be fixed by the by-laws of said corporation; and all policies heretofore issued by said corporation upon all kinds of property of the members are hereby validated."

The "Case" contains the following statement of facts: "Answer was duly made, and the case was docketed on Calendar 1.   On the call of the case for trial, the defendant moved to dismiss the complaint on the ground that it did

not state facts sufficient to constitute a cause of action, the grounds being in writing, as per rule of Court. (They are not set out in the "Case.") The following is the report of the case: Appearances—Messrs. Haynsworth & Parker and Jefferies, for plaintiffs; McCullough & Carey, for defendant. During the course of the argument, the Judge asked for the application, which was handed him by defendant's attorney. Mr. McCullough requests the following note to be made: During the argument of the motion, Mr. Jefferies, attorney for plaintiffs, asked the Court to refer to the application, for the purpose of showing that nothing therein contained required a statement of the interest of the assured in the property. The Court: 'Well, gentlemen, this is a hard nut you have given me to crack. If the testimony was all in, and the motion was made for nonsuit, I don't think I would have so much difficulty with it as I have had with this demurrer. My idea is that when Mr. W. H. Jacobs joined this mutual insurance company, he alone became a member of it and was subjected to the charter and by-laws of the company, and no one can insure in this company without becoming a member. The defendant also shows on the policy that the application becomes a part and parcel of the policy. That application shows a different state of facts from what appears in the policy. The policy recites that Mr. Jacobs is the owner of the property, and I am bound to sustain the demurrer.' The Judge thereupon passed the following order: Defendant having been called by this Court, and having moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant in favor of either of the plaintiffs, on motion of J. A. McCullough and J. P. Carey, attorneys for defendant, after argument of counsel, ordered, said motion be and is hereby sustained, and the complaint is dismissed upon the grounds orally expressed."

The plaintiffs appealed upon several exceptions, which, under the view which this Court takes of the case, raise

questions that are merely speculative, and, therefore, will not be considered.

The first question which we will consider is, whether W. H. Jacobs was the owner of the property to the extent of having an insurable interest therein. The second paragraph of the complaint alleges: "That W. H. Jacobs, about ten years ago, being the owner in fee of the dwelling house hereinafter described, and the land on which it was situate, conveyed the same to his coplaintiff, M. J. Jacobs, who is his wife. That the said conveyance was for the purpose of providing for her, and was upon the further agreement and trust that the said W. H. Jacobs should, during coverture, be allowed the possession and use of said premises, free of charge, and that she would reconvey to him, upon his request, he agreeing to pay all taxes and insurance thereon, and to make all necessary repairs and improvements, which agreement has, subsequent to said conveyance, been reaffirmed between the plaintiffs. That accordingly the said W. H. Jacobs has, ever since the said conveyance and up to the time of the fire hereinafter referred to, occupied and used the dwelling house as a home for himself and family, and has cultivated and used the lands connected therewith as a farm, free of all charges, except that he has paid all taxes and insurance thereon; and that subsequent to said conveyance and in pursuance of said agreement he made valuable improvements and repairs on said dwelling house, and paid for the same." The allegations of this paragraph show: 1st. That W. H. Jacobs conveyed the land, with the buildings thereon, to his wife, M. J. Jacobs. 2d. That the conveyance was made by Jacobs to his wife for the purpose of providing for her, the said W. H. Jacobs agreeing to pay all taxes and insurance thereon, which imports that the conveyance was made in consideration of love and affection for his wife. 3d. The said W. H. Jacobs was to have the possession and use of said premises free of charge, during coverture; which was, in effect, a reservation by him of an estate in the premises during the joint

lives of himself and wife—in other words, he reserved a life estate in the property as long as he and his wife lived. 4th. That he had the possession and use of said property, paid the taxes and insurance, and made valuable improvements and repairs on said dwelling house. 5th. That his wife agreed to reconvey the said property to him upon his request. In the case of *Chancellor* v. *Windham & Law*, 1 Rich., 161, the Court says: "It seems to have been considered that if a money consideration be expressed in a deed, which has the form of a covenant to stand seized, no use will arise, even although the covenantee be shown to be the son of the covenantor, unless the deed be enrolled so as to be effectual as a bargain and sale, for *expressum facit cessare tacitum* (Shep. Touch. by Preston, 513); but it is clearly otherwise if the deed be expressed to be in consideration of money, and that the covenantee is the son, or be without any consideration expressed, and a proper one be averred and proved. (Mildmay's case, 1 Co., 175 a, 7 Bro. Par. Ca., 70; 3 T. R., 474.)" It does not appear whether M. J. Jacobs is mentioned in the deed as the wife of W. H. Jacobs; but that fact makes no difference, as the consideration alleged shows that love and affection prompted the husband to execute the conveyance, and this will support a covenant to stand seized to uses. In *Kinsler* v. *Clark*, 1 Rich., 173, the Court says: "The plain meaning of the parties was, that the use, the possession and profits, which we call the legal estate, should be in her during her life, and in them at her death. To effect the intention the deed must be construed as a covenant by the mother, to stand seized for herself during her life, and for her sons at her death; under which, by force of the statute of uses, the uses arising were instantly converted into a life estate in her, and a vested remainder in her sons." See, also, *Cribb* v. *Rogers*, 12 S. C., 564; *Dinkins* v. *Samuel*, 10 Rich., 66; and *Smith* v. *Poyas*, 1 DeS., 156. Even, however, if the deed was not a covenant to stand seized to uses, but a bargain and sale, the statute would, nevertheless, execute the use in him, and thus make

him the owner of the legal estate during coverture. In the case of *Bouknight* v. *Epting*, 11 S. C., 71, Mr. Chief Justice McIver, in behalf of the Court, says: "There can be no doubt but that, prior to the Constitution of 1868, a husband did, by virtue of his marriage, acquire an estate in the lands of which his wife was then or might thereafter become seized, during the coverture, which was a vested interest, and liable to be sold under execution against him. * * * This estate in the husband is property, and as much liable to the claims of his creditors as any other property he may have." From the foregoing authorities we see that W. H. Jacobs had a life estate in the premises, that it was property, and liable to the claims of his creditors just as any other property he might have. This, then, was such property as the defendant had the power to insure, and the Circuit Judge was in error in sustaining the demurrer as to W. H. Jacobs.

The beneficial interest of W. H. Jacobs was, however, not made greater by the alleged agreement that his wife was to reconvey to him upon request. In the case of *Edwards* v. *Edwards*, 2 Strob. Eq., 101, the Court says: "But the rule of law is to construe a deed most strongly against the grantor—and the policy of this country, the course both of legislation and judicial decisions, has been to unfetter estates and declare the interest absolute in the first taker." The alleged agreement to reconvey upon request was against public policy, in restraint of alienation, repugnant to the other provisions of the deed, and, therefore, null and void. See *Glenn* v. *Jamison*, 48 S. C., 316, and cases cited. No time was specified within which the request was to be made, and if the agreement to reconvey was valid, it would enable W. H. Jacobs to keep the title in an unsettled condition during the entire period of coverture.

We will next consider whether there was error in dismissing the complaint as to M. J. Jacobs. Under the charter of the corporation, it did not have the power to insure the property of any but members of the asso-

ciation.   She was not a member, and, therefore, her property could not be insured.   The demurrer was properly sustained as to her.

The judgment of this Court is, that the order of the Circuit Court be modified in the particular hereinbefore mentioned.

MR. CHIEF JUSTICE McIVER and MR. JUSTICE JONES concur in the result.