7603

ARLEDGE v. ARLEDGE.

LIMITATION OF ESTATES—FEE CONDITIONAL.—The words in the granting clause of a deed "to the said T. for and during his natural life and from and after his decease to the said J. * * * for her sole and separate use during her natural life and at her death to her issue," the word issue is a word of limitation and not of purchase, and J. took a fee conditional estate thereunder.

*Williams* v. *Gause*, 83 S. C., 265, *affirmed.*

Before ERNEST MOORE, Special Judge, York, January, 1910. Affirmed.

Action by Thos D. Arledge, Richard F. Arledge and Mary A. Arledge Burns against McD. Arledge, J. Patrick Parker and Geo. W. S. Hart.

The Circuit decree is:

"This is an action to compel the performance of a contract by the defendant, McD. Arledge, to purchase from the plaintiffs the lands described in the complaint, and to enjoin the other defendants from clouding the title to the said lands. The plaintiffs aver a title in fee conditional in themselves to the said lands, a contract upon consideration by the defendant, McD. Arledge, to purchase and pay for the same upon receiving a good title in fee to the said lands, a tender by the said plaintiffs of their deed for the said lands accordingly to the said defendant, McD. Arledge,

and a refusal by the said defendant to accept the same and pay the purchase price. The plaintiffs further allege that the said defendants, J. P. Palmer and G. W. S. Hart, set up a claim of title to said premises, which claim is a cloud upon the title of the plaintiffs thereto. The defendant, McD. Arledge, admits the allegations of the complaint, but the defendants, J. P. Palmer and G. W. S. Hart, aver title in themselves to the said premises and pray the judgment of the Court that the title to the said lands is in them in fee simple. There is substantial agreement as to the facts between all the parties to the action and all parties agreed in open Court to submit their respective rights and titles to the determination of the Court sitting in equity.

"All of the parties claiming from a common source of title in J. P. Palmer, the question submitted for determination depends upon the construction of the deed by the defendant, J. P. Palmer, to his father, Thomas Palmer, and sister, J. A. Arledge, dated July 30, 1866, conveying the premises here in question. By this deed the premises are conveyed in the granting clause 'unto the said Thomas Palmer for and during his natural life, and from and after his decease to the said J. A. Arledge, wife of M. D. Arledge, for her sole and separate use during her natural life, and at her death to her issue;' in the *habendum* clause, 'to the said Thomas Palmer for and during his natural life, and unto the said J. A. Arledge and her issue after his decease;' and in the general warranty clause, 'unto the said Thomas Palmer during his natural life and thereafter unto the said J. A. Arledge and her issue.'

"Both the said Thomas Palmer and the said J. A. Arledge being dead, and the plaintiffs being the 'issue' of the last named, the said plaintiffs and the defendant, McD. Arledge, contend that, under the terms of this deed, the said J. A. Arledge took a fee conditional estate in this land, while the defendants, J. P. Palmer and G. W. S. Hart, claim that the said J. A. Arledge took only a life estate therein, and

that there being no *issue* of the said J. A. Arledge *in esse* at the time of the execution and delivery of the deed, no further estate passed thereunder, but that the fee simple in remainder was and is in the defendant, J. P. Palmer, except in so far as he has since conveyed an interest therein to the defendant, G. W. S. Hart.

"As to the matter of the proper construction of the deed above mentioned, it appears that the very question here presented has been determined by the recent case of *Williams* v. *Gause,* 83 S. C., 265, where the Supreme Court of this State, in its latest deliverance upon the point, holds as the correct rule in the construction of a similar deed that the word 'issue' in a deed is to be construed as a word of limitation, except when the language used in the deed shows that it was intended as a word of purchase. In that case the Court held that, where there was a conveyance to one and 'his lawful issue,' 'and their lawful issue forever,' the grantee took a fee conditional, and that the use of the added words 'and their lawful issue forever' did not indicate an intention to give the grantee merely a life estate with remainder to his issue as purchasers. See also *Holman* v. *Wesner,* 67 S. C., 308, 45 S. E., 206.

"It is urged, however, by defendants, J. P. Palmer and G. W. S. Hart, that such was not the law of this State in 1866, but that the law then was, as laid down in *Markley* v. *Singletary,* 11 Rich. Eq., 397, that 'the word *issue* in a deed is always a word of purchase,' and that 'an estate in fee conditional could not be created by deed by use of this word' (*issue*), 'even when clearly designed as a word of limitation.' They insist that, especially as the deed here in question was drawn by a lawyer, it must be concluded that the word *issue* as used therein had the meaning then given to it by the decisions of this State.

"But this contention cannot prevail, in the absence of any evidence of the use of the word in the deed here in question in the sense now claimed for it. Notwithstanding the fact

that the deed was drawn by a lawyer, presumably familiar
with the then existing law of the State, it is evident that it
was not drawn with reference to any meaning so fixed for
the word 'issue' by the case of *Markley* v. *Singletary, supra.*
For, under the decision in that case, the word *'issue'* as
repeatedly used in this deed could be given no effect what-
ever, for the reason that if it be construed as a word of pur-
chase, there was no one then *in esse* to answer the descrip-
tion intended by the term. The oldest child of J. A. Arledge
was not born until January 17, 1867, nearly six months after
the date of the deed, and it cannot be supposed that either
the draughtsman or the grantor contemplated this unknown
and probably unsuspected foetus *en ventre sa mere* as being
the 'issue' who alone could take as purchaser under that
designation in this deed.

"Consequently, it cannot be determined that the deed here
was drawn with reference to the effect of the use of the
word 'issue' as declared by the case of *Markley* v. *Singletary.*
It must on the contrary be concluded that the word 'issue'
was used either in ignorance of its legal effect or in the belief
that it would be effective as a word of limitation. It is
unquestionable that, even under the decisions as then existing
in this State, it could have been made so effective by way of
a declaration of trust in the deed, and it must be assumed
that the attorney drawing the deed supposed it to be effica-
cious as a word of limitation, as it could not apparently have
been otherwise intended. By the latest decision of the highest
Court of the State, as above quoted, the word is now given
the effect which it was probably intended to have both by
the grantor and the draughtsman, and, however contrary
this decision be to the pre-existing rules of construction,
it cannot be doubted but that it effectuates the probable pur-
pose of the grantor in the deed at bar.

"We are bound, therefore, by the decision in *Williams* v.
*Gause,* already cited, to hold that the word 'issue,' as appear-
ing in the deed here, is to be taken as a word of limitation,

and to construe this deed as limiting an estate in fee conditional to the said J. A. Arledge in the lands here in question, unless the 'language of the deed' itself shows that it was intended as a word of purchase. So resorting to the language of the deed we find nothing to indicate such an intention, but on the contrary, the intention evidently was to use the term as a word of limitation.

"It must be concluded, therefore, that the title of the plaintiffs to the lot of land described in the complaint is a good and valid title in fee conditional, and that the deed of the said plaintiffs will convey a good title in fee simple thereto."

From Circuit decree, defendants, Palmer and Hart, appeal.

*Messrs Hart & Hart,* for appellants, cite: *Alteration in the meaning of issue by judicial decisions:* 2 Hill's Ch., 198; 5 Rich. Eq., 443; 16 S. C., 311; 35 S. C., 330; 40 S. C., 75; 46 S. C., 370; 67 S. C., 308; 83 S. C., 269; 84 S. C., 355; 82 S. C., 211; 47 S. C., 295; McM. Eq., 457; 3 Strob. Eq., 457; 6 Rich. Eq., 36. *Intention in construction of a deed:* 46 S. C., 370. *The warranty clause:* 5 Rich. Eq., 448; 51 S. C., 559; 78 S. C., 191; 36 S. C., 301; 77 S. C., 173; 84 S. C., 427; 78 S. C., 191; 67 S. C., 121. *The granting clause:* 40 S. C., 475; 80 Am. Dec., 242; 24 S. C., 235; 10 Rich., 69.

*Messrs. Witherspoon & Spencer,* contra, cite: *Issue is presumed in deed to be word of limitation:* 83 S. C., 265; 67 S. C., 307; 76 S. C., 484; 40 S. C., 468; 73 S. C., 469; 35 S. C., 314; 46 S. C., 362; 67 S. C., 133. *Intention to use word as one of limitation is manifest:* 2 Strob., 158; 35 S. C., 315; 11 Rich. Eq., 398. *If issue took as purchasers they took in remainder and in fee:* 15 S. C., 277; 46 S. C., 357.

16—86

July 5, 1910.　The opinion of the Court was delivered by

MR. JUSTICE GARY.　This is an action for specific performance of a contract.　The facts are fully stated in the decree of his Honor, the Circuit Judge, which will be reported.

The question presented by the exceptions is whether there was error on the part of the Circuit Judge in ruling, that in the deed under which all the parties claim, "issue" is a word of limitation.　As a similar question has undergone judicial investigation in the recent case of *Williams* v. *Gause,* 83 S. C., 265, we deem it only necessary to cite this case to show that "issue" mentioned in the deed is a word of limitation and not of purchase.　The appellant's attorneys were permitted to review the case of *Williams* v. *Gause,* 83 S. C., 265, but the Court adheres to the views therein expressed.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.